## SAHADI BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. December 14, 1906.)

### No. 4,218.

CUSTOMS DUTIES—CLASSIFICATION—"GHEE."

"Ghee" is within the provision for "butter, and substitutes therefor," in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 236, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,307 (T. D. 27,180), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

The opinion filed by the board reads as follow:

WAITE, General Appraiser. The merchandise in question was imported from Beirut, Syria, and is an oily substance with a melting point of 75 degrees Fahrenheit, produced from the milk of sheep. It is invoiced as "salted butter," and is described by the importer in his testimony as "ghee." The testimony also shows that "ghee" may be produced from either goats' or cows' milk as well. The collector assessed duty upon the article at 6 cents per pound under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 236, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649], providing for "butter, and substitutes therefor." It is claimed to be dutiable as "tallow," at three-fourths of 1 cent per pound, under paragraph 279; at 2 cents per pound as "lard," under paragraph 277;

under paragraph 3, covering chemical compounds, etc., or under section 6 as an unenumerated manufactured article.

"Butter" is thus described in the Encyclopedia Britannica (9th Ed.) vol. IV, p. 590: "Butter is the fatty portion of the milk of mammalian animals. The milk of all mammals contains such fatty constituents; and butter from the milk of goats, sheep, and other animals has been, and may be used; but that yielded by cows' milk is the most savory, and it alone really constitutes the butter of commerce." "Ghee" is defined by the Standard Dictionary as follows: "Butter clarified by boiling or heating and skimming or straining until it becomes a liquid or semisolid oil, capable of being kept for many years; largely used in India, in cookery and medicines, and in religious rites."

We do not think the article can be said to be tallow, which is usually composed of harder and less fusible animal fats, nor lard, which is made from hogs' fat. That it is not a chemical compound within the meaning of paragraph 3 is too clear for argument. If it be assumed that the article is neither the butter, tallow, nor lard of commerce, we think it must be found that it resembles butter more closely, and in more particulars than either of the other substances, and that this resemblance in material, quality and use is sufficiently substantial to make operative the provisions of the similitude clause contained in section 7 of the act. The testimony, it is true, shows that the article is used for cooking, as is lard and some other vegetable and animal oils or fats. But in this regard it also resembles butter, in so far as butter is so used. An analysis of the commodity shows, however, that it resembles butter most closely in its component elements or material; and this is corroborated by the description given in the testimony of its origin and process of manufacture. It appears to be composed of the fatty portion of the sheep's milk, and it would seem that it might be described with aptness as sheep's-milk butter. We are of the opinion that it is dutiable by similitude, if not directly, at the rate prescribed by paragraph 236.

The protest is overruled, and the collector's decision affirmed.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise involved in this appeal was invoiced as "salted butter" and is described by the importer in his testimony as "ghee." The collector assessed duty upon the merchandise at 6 cents per pound as "butter, and substitutes therefor," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 236, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]. It is claimed by the importer in his protest to be dutiable at three-fourths of 1 cent per pound as "tallow," or at 2 cents per pound as "lard" under paragraphs 279 and 277, respectively, of said act, or at 20 per cent. as a nonenumerated manufactured article under section 6 of the same act. On the trial importers' counsel abandoned his claims under paragraphs 277 and 279, and relied only upon the provisions of section 6.

I think there is a substantial similarity between the article in question and butter of commerce. I have considered the evidence as well as the decision rendered by the Board of Appraisers, with which I concur.

The decision of the Board of Appraisers is therefore affirmed.